UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAY'ZHANAE ABERNATHY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00202-TEH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

　　　　Plaintiff Day'Zhanae Abernathy alleges that Defendants Johnson & Johnson, McNeil Consumer Healthcare,[1] and McKesson Corporation are liable for injuries resulting from her use of Children's Motrin in 2004. In particular, she alleges that her ingestion of the drug when she was six years old caused her to develop Stevens-Johnson syndrome, which resulted in "severe and permanent injuries to [her] skin, eyes, genitals, and other bodily organs, which will require lifelong medical care." Compl. ¶ 1 (Ex. A to Jan. 13, 2016 Smith Decl.). She asserts claims based on strict liability, negligence, negligent misrepresentation, breach of express warranty, and breach of the implied warranty of merchantability.

　　　　Defendants removed this case from state court based on diversity jurisdiction, and Plaintiff seeks to remand it. The Court finds this matter suitable for resolution without oral argument, *see* Civ. L.R. 7-1(b), and now GRANTS Plaintiff's motion to remand for the reasons discussed below.

---

[1] Defendants contend that Johnson & Johnson Consumer Inc. was erroneously sued as McNeil Consumer Healthcare, a division of McNeil-PPC, Inc.

**DISCUSSION**

**I.      Remand**

Plaintiff initially challenged the timeliness of Defendants' removal but abandoned that argument in her reply.  The only remaining dispute is whether Defendant McKesson was fraudulently joined, such that its California citizenship would not defeat removal under 28 U.S.C. § 1441(b)(2) (providing that a case may not be removed solely on the basis of diversity jurisdiction if any defendant "is a citizen of the State in which such action is brought").

The removal statute is "strictly construe[d] . . . against removal jurisdiction" so that "any doubt as to the right of removal" must be resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Thus, a defendant bears a "heavy burden" of overcoming the "general presumption against fraudulent joinder," which "must be proven by clear and convincing evidence."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Remand is proper if "there is any possibility that a plaintiff may prevail" on a claim against the in-state defendant.  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." *Cont'l Ins. Co. v. Foss Maritime Co.*, Case No. C02-3936 MJJ, 2002 WL 31414315, at *6 (N.D. Cal. Oct. 23, 2002).

Defendants in this case argue that Plaintiff cannot recover against McKesson, and that McKesson was therefore fraudulently joined, because Plaintiff stated in response to an interrogatory that she "cannot recall what store the product was purchased at, but it was in the Cincinnati area."  Pls.' Resp. to McKesson Corp.'s 1st Set of Special Interrogs. (Ex. D to Jan. 13, 2016 Smith Decl.).  "To the best of Plaintiff's recollection, she purchased the Children's Motrin in or just prior to September 2004."  *Id.*  Defendants have submitted a declaration that Children's Motrin was shipped to "dozens of customers within 200 miles of Cincinnati, Ohio between January 1, 2003 and September 2004."  Jan. 11, 2016 Wetzel

Decl. ¶ 3. While the list of customers includes McKesson, *id.*, Defendants argue that Plaintiff's inability to identify the store at which the product was purchased dooms her ability to recover against McKesson because she will never be able to prove that McKesson, in fact, distributed the Children's Motrin that she ingested.

Plaintiff asserts in reply that she "is in the process of attempting to identify the store" at which she purchased the drug, Reply at 3, and it is unclear to the Court why she has not already narrowed down the list of possible stores. Even if she cannot recall the specific store, it seems likely that she should be able to narrow it down to more than simply "in the Cincinnati area," and at least to a smaller area than the 200-mile radius referred to in Defendants' declaration.

In any event, the Court does not find Plaintiff's discovery responses to establish conclusively that Plaintiff cannot recover against McKesson. To the contrary, the evidence submitted by Defendants demonstrates that McKesson might well have been the distributor of the medication that Plaintiff ingested. Of course, it might also have been a different distributor, but, unlike in other cases where discovery revealed that McKesson did not distribute the drug taken by the plaintiff, *e.g., Tucker v. McKesson Corp.*, Case No. C10-2981 SBA, 2011 WL 4345166, at *3 (N.D. Cal. Sept. 14, 2011) (finding fraudulent joinder where plaintiff "admits that further discovery has shown that 'McKesson did not distribute morphine to [decedent's] pharmacy'"), Defendants have not "foreclos[ed] the possibility that McKesson distributed [Plaintiff's] medication," *Zachman v. Johnson & Johnson*, Case No. 15-cv-04285-RS, 2015 WL 7717190, at *4 (N.D. Cal. Nov. 30, 2015).[2] Thus,

---

[2] Defendants attempt to distinguish *Zachman* on grounds that the plaintiff there "was able to show he purchased the subject medication at a Rite Aid Pharmacy near Beverly Hills" and "was also able to point to McKesson as a distributor of the product to Rite Aid in Beverly Hills." Opp'n at 5 (citing *Zachman*, 2015 WL 7717190, at *1, *4). While, unlike Plaintiff here, the plaintiff did allege that he purchased the drug at a Rite Aid store, the evidence did not "point to McKesson as a distributor of the product" to that store or chain of stores. Instead, the court referred to "five declarations detailing McKesson's limited role 'as a conduit for delivering some Levaquin to various pharmacies,' and proclaiming it unlikely McKesson distributed the Levaquin Zachman ingested." *Zachman*, 2015 WL 7717190, at *4 (citation omitted). Such evidence is indistinguishable from the declaration Defendants submitted in this case, indicating that McKesson was one of several distributors of the product in the Cincinnati area during the time in question.

Defendants have failed to meet their heavy burden of establishing fraudulent joinder, and McKesson's California citizenship defeats removal under 28 U.S.C. § 1441(b)(2).

## II.     Fees and Costs

Plaintiff also requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted," and there is no presumption that fees should be awarded on remand. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). In this case, the Court does not find Defendants' removal to have been objectively unreasonable, nor does the Court find unusual circumstances justifying a fee award. This was a close case, and removal was not obviously improper.

## CONCLUSION

For the above reasons, Plaintiff's motion to remand is GRANTED, and her request for fees under 28 U.S.C. § 1447(c) is DENIED. This case is hereby remanded to the Superior Court of California for the County of San Francisco. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   03/03/16                                          _____
                                                                        THELTON E. HENDERSON
                                                                        United States District Judge